### Stephen L. Bartlett v. Plows & Company et al.

1. INJUNCTIONS—*Assessment of Damages on Dissolution—Matter Foreign to an Appeal Not to be Considered.*—Matters wholly foreign to an appeal from an order or decree of the court assessing damages by reason of the issuance of an injunction can not be considered by this court.

**Damages.**—Injunction. Appeal from the order of the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1898. Affirmed. Opinion filed May 8, 1899.

MILFORD J. THOMPSON, attorney for appellant.

FLOWER, SMITH & MUSGRAVE, attorneys for appellees.

MR PRESIDING JUSTICE WINDES delivered the opinion of the court.

The only question presented in this case, which it is proper or necessary to consider, is whether the assessment of damages made by the chancellor on the dissolution of an injunction issued in the case, is correct. The appeal is from an order or decree of the court assessing damages by reason of the issuance of the injunction, and not from the decree dismissing the bill for want of equity, as seems to be assumed by appellant's counsel. The evidence, which was heard in open court by the chancellor, and which was competent and proper to be heard on the motion to assess damages, shows that the appellees, William Thompson,

Bartlett v. Plows & Co

William H. Hopkins and Edward S. Glickauf, copartners as William Thompson & Company, were defendants to appellant's bill and attaching creditors of Plows & Company, a corporation, also a defendant to the bill; that appellant, who was the complainant in the bill, obtained an injunction against the sheriff of Cook county, restraining him from selling certain property of Plows & Company, among other writs in his hands, under an attachment writ in favor of said appellees and against Plows & Company; that after a hearing on a motion to dissolve this injunction made by these appellees, it was dissolved by the court, and the bill of appellant dismissed for want of equity; that the services of the appellees' solicitors, in and about, procuring the dissolution of the injunction, were worth $250; that this fee was the reasonable, usual and customary charge for such services; that appellees paid custodian's fees of the sheriff in keeping and protecting the property levied upon during the time the sale thereof was delayed by reason only of the issuance and continuance of the injunction, amounting to $84, which fees were the reasonable, usual and customary charge for such services, and that appellees were damaged by such injunction the amount of said solicitor's and custodian's fees, which they paid.

Appellant's counsel makes an extended argument to the effect that because it appears that the appellee Hopkins was a director of Plows & Company, he could not, with his copartners, because of his trustee relation to the creditors of Plows & Company, sustain an attachment against Plows & Company, nor be benefited by the decree of the court assessing damages against appellant, also a creditor, and also, that the court erred in dismissing appellant's bill for divers reasons enumerated.

These matters, in our opinion, are wholly foreign to this appeal, and can not properly be considered by us. It is not claimed the damages assessed are excessive.

The decree of assessment of damages being fully sustained by the evidence, is affirmed.